IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Ron Nord,<br><br>　　　　　　Plaintiff,<br><br>-vs-<br><br>Walsh County, a North Dakota political subdivision, and Lauren W. Wild, individually, and in his capacity as Sheriff of Walsh County,<br><br>　　　　　　Defendants. | Case No. 2:10-cv-114<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTIONS *IN LIMINE*** |

**I.　INTRODUCTION**

Before the court are Defendants Walsh County and Lauren Wild's motions *in limine*. The defendants seek to preclude testimony regarding Plaintiff Ron Nord's stigmatization and defamation claims[1] and testimony regarding emotional distress.[2] There are sufficient factual disputes to allow the stigmatization, defamation, and emotional distress claims to proceed to trial. Defendants' motions are DENIED without prejudice to re-raising the issue of sufficiency of the evidence at trial.

**II.　DISCUSSION**

　　*A.　Motion in Limine to Preclude Testimony Regarding Stigmatization and Defamation*

Nord has alleged that following his termination as a Walsh County deputy sheriff, Wild made statements that were stigmatizing and defamatory. Defendants assert there has been no evidence developed during discovery that would show Nord has been treated differently by anyone; that Nord's future employment possibilities have been

---

[1] Doc. #106.

[2] Doc. #110.

1

impacted; or that Nord's reputation has been damaged as a result of Wild's alleged comments.  Nord opposes the motion on the grounds that he has provided evidence of stigmatization and defamation through his deposition testimony and the deposition testimony of others.  He contends the motion is more like a summary judgment motion, which this court has already considered and rejected.

Defendants seeks to exclude all testimony and evidence of stigmatization and defamation as well as all testimony and evidence of damages relating to these claims.  Granting the relief the defendants seek would effectively dismiss these claims.  The court previously determined there was sufficient evidence to allow the claims to be presented at trial.  If the defendants believe Nord has failed to produce sufficient evidence to create a jury issue on one or more of his claims, then they should make the appropriate motion at trial.

With regard to damages, it has long been the rule that general damages are presumed if the statements are defamatory *per se*.[3]  About eighteen years ago, the North Dakota Supreme Court concluded that it was inappropriate to require proof of special damages where the claim is premised upon statements that are defamatory *per quod*.[4]  Whether damages are presumed in this case or not, the court is mindful of Nord's obligation to disclose to opposing counsel his claims for damages.  Failure to do so may result in exclusion of the evidence.  To the extent that the defendants seek exclusion of evidence for a violation of Fed. R. Civ. P. 26(a), the court lacks sufficient evidence to determine whether Nord has provided the proper disclosures or whether any failure to

---

[3] Ellsworth v. Martindale-Hubbell Law Dictionary, 289 N.W. 101, 202 (N.D. 1939).

[4] Vanover v. Kansas City Life Ins. Co., 553 N.W.2d 192, 197 (N.D. 1996).

comply might be justified or harmless.

The defendants also contend Nord's reference to defamation *per se* is a newly alleged theory.[5] Defamation *per se* and defamation *per quod* are not separate causes of action. Rather, the distinction focuses on the requisite proof of injury. The North Dakota Supreme Court has described the function of the court and jury in defamation cases: a court determines whether a communication is capable of bearing a particular meaning and whether that meaning is defamatory; "[t]he jury determines whether a communication, capable of defamatory meaning, was so understood by its recipient."[6]

The alleged defamatory and stigmatizing statements at issue in this case include, for instance, assertions by Wild that Nord is a liar and that Nord was terminated for lying. There has been no determination on whether the alleged statements are defamatory *per se.* The court previously explained to the parties that an accusation of lying is, as a matter of law, stigmatizing.[7] The court found that there was evidence from both sides on whether or not Nord was stigmatized and/or defamed as a result of Wild's comments. The court is not in a position to determine whether Nord has raised a jury question on one or both claims until it has heard all of the evidence.

Finally, with regard to the admissibility of any particular testimony, the court is unable to rule on that issue at this time. The context and when the alleged statements were made is significant. The amount and proof of injury is also significant. The court

---

[5] Doc. #123, p. 4 n.2.

[6] Moritz v. Medical Arts Clinic, P.C., 315 N.W.2d 458, 460 (N.D. 1982) (quoting Restatement (Second) of Torts § 614)).

[7] Doc. #63, p. 17.

is unable to rule on the defendants' arguments regarding admissibility until the testimony has been offered and the issues have been fully developed at trial. If there is a particular legal or evidentiary issue that must be resolved outside of the jury's presence, the parties are directed to inform the court and the matter will be taken up outside the jury's presence.

Defendants' motion *in limine* to exclude testimony and evidence regarding stigmatization and defamation is DENIED. The issues in the motion may be re-raised at trial, if necessary.

### B. Motion in Limine to Preclude Testimony Regarding Emotional Distress Claims

Defendants seek to exclude evidence regarding Nord's emotional distress claim for failure to provide evidence in support of his claim and for failure to disclose his alleged damages regarding the claim. Nord asserts that he has disclosed his compensatory damages and represents that he will leave the issue of non-economic damages entirely in the jurors' hands.

A plaintiff's own testimony may be sufficient for a finding of emotional distress.[8] The record is clear that defense counsel explored the bases of Nord's claim for emotional distress at his deposition as well as the deposition of Nord's wife. Thus, the defendants are aware of the evidence Nord intends to rely on at trial to support his claim. A determination on whether that evidence is sufficient to support a claim is premature.

The parties dispute the application of Rule 26(a)(1)(A), Fed.R.Civ.P., as it pertains to Nord's emotional distress damages. At least one court has found that Rule

---

[8] Maverick Transp., LLC v. U.S. Dep't of Labor, Admin. Review Bd., 739 F.3d 1149, 1157 (8th Cir. 2014).

26(a)(1) requires a party alleging emotional distress damages to provide a calculation.[9] Some other courts have determined that a plaintiff does not have to disclose a calculation for compensatory damages pertaining to emotional distress because such calculations are necessarily vague and may not be amenable to the type of disclosure contemplated by Rule 26(a)(1).[10] While still other courts have concluded that a plaintiff need not provide a calculation for compensatory damages pertaining to emotional distress if the plaintiff does not intend to suggest a specific amount of money to the jury.[11]

Nord represented to the court at the hearing on February 13, 2015, that he does not intend to suggest a specific amount to the jury for emotional distress damages. If he had a specific amount that he was going to ask from the jury, then presumably he would have a basis and a means for arriving at the amount he is seeking, and he ought to be required to comply with Rule 26. In that situation, the calculation is not necessarily vague and it would be unfair to the defendants to allow Nord to submit a specific dollar amount for damages to the jury without the defendants having an opportunity to discover the basis for the claim and an opportunity before trial to rebut that basis.[12]

In this case, having not disclosed a calculation, Nord may not ask the jury for a specific amount of damages for emotional distress and the court will not require the

---

[9] Sandoval v. American Bldg. Maintenance Industries, Inc., No. 06 CV 1772 (RHK/JSM), 267 F.R.D. 257, 282 (D.Minn. 2007) (citing Dixon v. Bankhead, No. 4:00CV344-WS, 2000 WL 33175440, at *1 (N.D.Fla. Dec. 20, 2000)).

[10] Id. (citations omitted).

[11] Id. (citations omitted).

[12] Id.

plaintiff to disclose a computation of these damages under Rule 26(a).

For the foregoing reasons, the defendants' motion *in limine* to exclude emotional distress testimony and damages is DENIED.

### III. CONCLUSION

The court has previously determined that there are factual disputes to allow Nord's stigmatization and defamation claims to proceed to trial. While the defendants contend that all evidence is inadmissible or insufficient to support such a claim, the court is not in a position to make that finding until all the evidence has been presented. The defendants' motion *in limine* to exclude all testimony and damages regarding Nord's stigmatization and defamation claims is DENIED without prejudice.

Because Nord has not provided a calculation under Rule 26, Nord may present the facts of his emotional distress claim to the jury but he may not suggest a specific amount of damages relating to his claim at trial. The defendants' motion *in limine* to exclude all testimony and damages regarding emotional distress is DENIED.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2015.

*/s/ Ralph R. Erickson*
Ralph R. Erickson, Chief Judge
United States District Court